[Cite as *State v. Ferguson*, 2023-Ohio-1964.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss:<br>) | NINTH JUDICIAL DISTRICT |

| STATE OF OHIO | C.A. No.     30458 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| CHERELLE FERGUSON | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 21 03 1000 |

DECISION AND JOURNAL ENTRY

Dated: June 14, 2023

HENSAL, Judge.

{¶1}  Cherelle Ferguson appeals her conviction for failure to comply with the order or signal of a police officer from the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}  According to Officer Rudy Phrne, he was monitoring traffic on I-77 with a radar gun when a white Kia Soul passed by going 93 miles per hour in the 65-miles-per-hour zone.  The officer pulled his cruiser onto the roadway and attempted to close his distance with the car, but it continued pulling away from him.  He activated his lights and eventually got close enough to the car that he could read its license plate.  Running the plate in his mobile data terminal, Officer Phrne learned that the car was registered to Ms. Ferguson.  The terminal also displayed Ms. Ferguson's Bureau of Motor Vehicles photo.  Officer Phrne pulled alongside the car and looked at the female driver, who he identified from her picture as Ms. Ferguson.  She looked at him, shook her head,

and continued down the highway. Officer Phrne continued following the car for a total of 22 miles but eventually ended his pursuit.

{¶3} The Grand Jury indicted Ms. Ferguson on one count of failure to comply with the order or signal of a police officer, in violation of Revised Code Section 2921.331. A jury found her guilty of the offense, and the trial court sentenced her to two years of community control. Ms. Ferguson has appealed, assigning as error that her conviction is against the manifest weight of the evidence.

II.

ASSIGNMENT OF ERROR

THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶4} Ms. Ferguson argues that her conviction is against the manifest weight of the evidence because the State failed to prove her identity beyond a reasonable doubt. Primarily, she argues that Officer Phrne's testimony was not credible. According to the officer, she was travelling between 90 and 115 miles per hour, weaving in and out of traffic. Nevertheless, he alleged that he was able to close the gap with her car, read her license plate number, type it into his mobile data terminal, retrieve her photo, pull up alongside her, and positively identify her from that photo.

{¶5} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "A reversal on this basis is reserved for the exceptional case in which the evidence

weighs heavily against the conviction." *State v. Croghan*, 9th Dist. Summit No. 29290, 2019-Ohio-3970, ¶ 26.

{¶6} The State played a dash camera video of Officer Phrne's pursuit of the white Kia Soul during his testimony. Officer Phrne identified the car as it passed his location and when he pulled his cruiser alongside it. Although the driver of the other car was not visible in the video, the video supported his testimony that he had the opportunity to look over and observe the driver of the white Kia Soul during his pursuit.

{¶7} The credibility of the witnesses is primarily for the trier of the facts to determine. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "In reaching its verdict, the jury was in the best position to evaluate the credibility of the witnesses and it was entitled to believe all, part, or none of the testimony of each witness." *State v. Shank*, 9th Dist. Medina No. 12CA0104-M, 2013-Ohio-5368, ¶ 29. Upon review of the record, we cannot say that the jury lost its way when it chose to believe Officer Phrne's testimony and found that Ms. Ferguson was the driver of the white Kia Soul. Ms. Ferguson's assignment of error is overruled.

III.

{¶8} Ms. Ferguson's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.